May it please the Court, Steve Leithrup on behalf of Mr. Nathan Wheaton. There are two things that we know for sure, and that's that the state of California accomplished putting Mr. Wheaton away for the rest of his life and that it also during his trial hit some balls. The question is, are those constitutionally significant balls that the state withheld from Mr. Wheaton? We know that Mr. Wheaton made a request for the names and identities of non-testifying witnesses. Counsel, the bottom line is, at a very minimum, you've got to show that there was some favorable evidence that somehow was withheld from your client. And frankly, I don't see it. All I can say is, well, you speculate there may have been. But that doesn't even come close to any Supreme Court case that I'm familiar with. A witness may have known something favorable. But what case even comes close to saying that that satisfies the demand of materiality? Well, no, the case that there is no case that says that. The case... That's right. Yes, there's no question. But this goes beyond that. So how can we know whether it be an unreasonable or an irrational or page 79. This is where the magistrate lays forth the findings. We know that, I'm reading from page 79, Codefendant Young's investigator had located some of the partygoers who were unable to identify Minter. Minter was the key prosecution witness. That suggests that some of those partygoers were there. It suggests that perhaps Minter was not even at the party. Maybe, maybe not. You've got to show a lot more than maybe or maybe not. Well, this is a case... That's... The State withholds these names. We know that the names that... Some of the names that were withheld testified before the grand jury. Because the prosecution was going to call four witnesses in this case, and she ended up calling two. And the order excluded providing any names of those that testified at the grand jury. So we have... The trial lawyer had a redacted copy of the statements, right? Just not the names? Just not the names. So we have testifying, we have testimonial information that the State has in its possession. It's given to the defense with the exception of the names. And the defense then is hamstrung because it can't go and investigate these people because these statements are name-lined. The defense had its own investigators. It did have its own investigators. And, in fact, some of the information did provide the aliases of these people. But there's no showing that my client knew the aliases and could link these people up. Bottom line is you can't show us that any favorable information was withheld. Well, it's a catch-22 because the government is... You're asking for a new rule at the very least. That you have unconstitutional rights in the names of all witnesses. And I don't find that anywhere in any of the cases that I've been in. I understand, Your Honor. What I find, though, is in Pennsylvania v. Ritchie, the statement on page 9 of the opening brief that says that at a minimum, the criminal... Read all the words. Our cases established come at a minimum that criminal defendants have the right to the assistance in compelling the attendance of favorable. Okay. That's the question. Favorable... That's why I said read all the words. And the quote of the... You have... There's no showing that these are favorable witnesses. Well, we do know... Well, I would take... I would respectfully disagree with you, Your Honor, because we know that... Show me that they're favorable witnesses. Well, we know that... We have some circumstantial evidence that they are. One, we have... We know that there are multiple people present at the party. We know in the excerpt of the record, part of the record, that co-defendant Young, Young's investigator, found some party goers there at the party, had identified some of those people, and they didn't identify the key prosecution witness, which would suggest that perhaps the key prosecution witness is what wasn't even there and perhaps fabricated. I mean, we do have... We have this circumstantial evidence that you have to... You put together. You have the prosecution presenting testimony of more than two prosecution witnesses at the grand jury, and you have them intending to call four prosecution witnesses, and they only called two. So you think the state court decision here was contrary to or involved in unreasonable application of clearly established federal law as determined by the United States? Yes, because what the California Court of Appeal said is that there was no showing that... Precisely what Your Honor is saying. There's no showing that additional evidence sought was favorable to the defense. But what I'm saying is you've got the state withholding the evidence and then saying, well, there's no showing that this ball that we hit would have been favorable. How can you show a reasonable probability of a different result? Well, I think, again, looking at the circumstantial evidence, looking at the missing prosecution witnesses they were going to call, looking at co-defendant Young's investigator that did find party goers that were, quote, unable to identify Mintner, and Mintner was the key prosecution witness establishing the killing. And I think when you put that together to place Mr. Nathan Wheaton in prison for the rest of his life, you did – we did deprive him, I believe, the state did – not we. The state did deprive him of a fair trial, the opportunity to present a complete defense, the opportunity to uncover this. Thank you, counsel. Why don't we hear from the other side, and you can respond. May it please the Court, Donald DeNicola for the appellee. I think Your Honor has put his finger right on it, that what the petitioner is essentially raising is a Brady claim. He calls it by various names, a compulsory process claim, a confrontation claim, but it's essentially a Brady claim. And there's no showing that the evidence of a witness's name or address is exculpatory. The evidence that the petitioner had was the substantive evidence of the witness's statements from the murder book. If there was anything in there that the prosecution had possession of that was exculpatory, it was not suppressed, but instead was turned over. All that wasn't turned over were the names. The Pennsylvania v. Ritchie case, in the quote that Your Honor suggested, we need to look at the entire context where the Court says that the government must assist in turning over, in compelling the production of favorable witnesses. Even that statement is an interpretation of the compulsory process clause. And the Court, later on in that opinion, goes on to say that this Court has never squarely held that the compulsory process clause guarantees the right to discover the identity of witnesses. So even that right can't get you there. There are two basic problems with the other side's position. One is that there's no showing that the information the government had was suppressed because the substance was turned over. And there's no showing that even if the information had been turned over, it would have resulted in favorable evidence. And indeed, if the information had been turned over and investigated, and then resulted in favorable evidence, there's no clearly established Supreme Court law that says that the government is responsible for information that is not itself exculpatory, but might in a speculative way lead to exculpatory evidence. Because the government would have no way of knowing whether the evidence they possess is going to lead one way or another. It would put an oppressive burden on the prosecution. I'll submit the matter unless there's any questions. Yeah. The only thing I wanted to say, finally, if case is ordered and submitted, is it's not possible to make a motion to submit a case around here the day before we're supposed to hear the case. I understand. Because as you know, Judge Callahan comes from Sacramento. I come from Idaho. Judge McGill comes from out of the circuit. And we have a rule that if one judge wants to hear oral argument, that's all it takes. And so if we can't get ahold of people, there's no way we can process a motion like that that's filed so closely. I apologize for that. I understand. That's okay. Just so you know, if you want to do that, you have to do it a lot earlier. Thank you very much, Your Honor. I apologize for that. Thank you. Case just argued is ordered and submitted. Do you need a break? No. Clark v. Carey.
judges: Trott, Callahan, Magill